IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 14-cv-00821-RPM

GLENN H. KEMP,

    Applicant,

v.

JAMES FALK, Warden, Sterling Correctional Facility,
JOHN SUTHERS, Attorney General for the State of Colorado,

    Respondents.

_____

**ORDER DENYING HABEAS APPLICATION**
_____

    Habeas applicant Glenn Kemp is a prisoner in the custody of the Colorado Department of Corrections. Following preliminary review of Kemp's Application, the Court determined that three of Kemp's claims were meritless and ordered Respondents to file an Answer addressing the remaining six claims. [Doc. 5.] Respondents filed a detailed Answer on June 17, 2014. [Doc. 9.] The Court ordered Kemp to file a Reply on or before August 25, 2014. [Doc. 10.] Kemp moved for an extension of time to reply on or before October 9, 2014, which the Court granted. [Docs. 11 & 12.] On October 9, 2014, Kemp sought another extension of time to reply on or before October 19, 2014, which the Court granted, as well. [Docs. 13 & 14.] October 19 came and went without a reply from Kemp.

    In his habeas Application, Kemp states flatly that his "petition is timely under the A.E.D.P.A. If the State raises a statute of limitations defense Mr. Kemp is fully prepared to demonstrate to the court why he is within the one-year deadline set forth by the applicable

statute." [Doc. 1 at 16.] In their Answer, Respondents argue that Kemp's Application is untimely. [Doc. 9 at 5-9.] Because Kemp has failed to file a Reply, he has not, as promised, demonstrated to the Court why his Application is timely.

On direct appeal, the Colorado Supreme Court denied Kemp certiorari on June 11, 2007. [Doc. 1, Ex. 2.] Kemp did not seek review by the U.S. Supreme Court.

On October 4, 2007, Kemp filed a *pro se* "Motion for Trial Transcripts at No Cost with Required Show of Cause" for the purposes of preparing and presenting a Colorado Rule of Criminal Procedure 35 motion for postconviction relief. [Doc. 9, Ex. K.]

Kemp filed a motion for postconviction relief on March 17, 2008. Kemp's motion was denied by the lower court and affirmed on appeal. The Colorado Supreme Court denied certiorari review of Kemp's postconviction motion on August 26, 2013. [Doc. 9, Ex. I.] Kemp filed his habeas Application in this Court on March 20, 2014. [Doc. 1.]

Kemp insinuated in his Application that his October 2007 motion for trial transcripts tolled the AEDPA limitations period because it "initiat[ed] his Rule Crim. P. 35(c) proceeding[]" and "set forth his claims." [Doc. 1 at 3 n.1.] Under the AEDPA, "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the 1–year limitation period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(2). "'[C]ollateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." Wall v. Kholi, 131 S. Ct. 1278, 1285 (2011). Kemp's motion for transcripts did not seek a "judicial reexamination of a judgment or claim," see id.; rather, it simply sought to show why he needed the trial record to present his postconviction claims for judicial review at a later time. [See Doc. 9, Ex. K at 2.] That Kemp subsequently filed a formal motion for

postconviction relief further shows that his motion for trial transcripts did not call for a judicial examination of his postconviction claims. Accordingly, Kemp's motion was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under § 2244(d)(2). It did not toll the AEDPA limitations period.

Without his motion for trial transcripts as a tolling device, Kemp's Habeas Application is untimely. His conviction became final on September 10, 2007, the last day he could have sought review from the U.S. Supreme Court. 189 days ran until March 17, 2008, when he filed his motion for postconviction relief. The limitations period was tolled from that time until the Colorado Supreme Court denied certiorari review of Kemp's postconviction motion on August 26, 2013. 176 days ran from August 27, 2013 to February 18, 2014. Because 189 days had run before Kemp initiated postconviction proceedings, the AEDPA limitations period expired on February 18, 2014. Kemp's Habeas Application is roughly a month late.

In his Application, Kemp does not raise any arguments as to why the AEDPA limitations period ought to be equitably tolled. Kemp has not replied to Respondents' Answer and so any potential argument he might have as to equitable tolling has been waived.

Upon the foregoing, it is

ORDERED that Applicant Glenn Kemp's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. 1] is denied.

Dated: November 17, 2014.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior Judge

3